UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIYOSHI COLLINS,

                Plaintiff,

v.                                      6:17-CV-00925 (NAM/TWD)

RESOURCES FOR INDEPENDENT LIVING,

                Defendant.
_____

APPEARANCES:                        OF COUNSEL:

MIYOSHI COLLINS
Plaintiff pro se
118 Clinton Place
Utica, New York 13501

MARTIN RAYHILL LAW FIRM        KEVIN G. MARTIN, ESQ.
Counsel for Defendants
421 Broad Street
Utica, New York 13501

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT - RECOMMENDATION

Plaintiff commenced this employment discrimination action on August 22, 2017. (Dkt. No. 1.) Defendant filed an Answer on December 27, 2017. (Dkt. No. 16.) Thereafter, Defendant filed a Motion to Dismiss (Dkt. No. 21) which was granted in part and denied in part. (Dkt. No. 28.) A Discovery Order was then issued and discovery ensued. (Dkt. No. 33.) Defendant has moved for summary judgment, and that motion is fully briefed and pending. (Dkt. Nos. 53, 57, 58.) Plaintiff's death was suggested on the record by a Notice filed by Defendant on July 21, 2020. (Dkt. No. 59.) On July 27, 2020, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court issued a Text Order notifying the parties that a motion for

substitution of the deceased party may be made by any party or by the decedent's successor, and if such motion was not made within 90 days after service of the statement noting death (Dkt. No. 59), the action by the decedent must be dismissed. (Dkt. No. 60.) Defendant served the Suggestion of Death (Dkt. No. 59) and the Court's Text Order (Dkt. No. 60) on the deceased Plaintiff's representative. (Dkt. Nos. 61, 62.)

A letter was then received from the deceased Plaintiff's representative (Dkt. No. 65) indicating she would be moving to substitute as the party Plaintiff for the deceased Plaintiff and requested further time to file such motion, which the Court granted. (Dkt. Nos. 65, 66.) In granting the extension to file the motion for substitution by November 20, 2020, the Court also noted for the representative that "if decedent's representative is not an attorney, she cannot proceed pro se unless she is the sole beneficiary of any estate of the decedent. Any motion to substitute a party for the deceased plaintiff must include proof of the representative's ability to proceed as the substituted party." (Dkt. No. 66.) Decedent's representative filed an Application for Letters of Administration with this Court on November 20, 2020. (Dkt. No. 67.) The Court then issued the following Text Order:

> Court notes that Shakisha Collins-Austin filed a copy of an application for Letters of Administration (Dkt. No. 67 ), which must be filed in the appropriate Surrogate's Court. However, it does not appear that Letters of Administration have been issued by the Surrogate to date. Therefore, the Court extends the time to file a motion to substitute a party pursuant to Fed.R.Civ.P. 25 to 1/8/2021. Of note, if decedent's representative is not an attorney duly admitted in this Court, she cannot proceed pro se since she is apparently not the sole beneficiary of any Estate of the decedent because decedent had four living children at the time of her death. (*See* Dkt. No. 67 at 3.) Although a plaintiff has the right to act as her own counsel, see 28 U.S.C. § 1654 (1982), "[a] person who has not been admitted to the practice of law may not represent anyone other than [herself]." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). An administrator or executor of an estate cannot proceed pro se if the estate has beneficiaries or creditors other than her. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Thus, any motion to substitute a party for the deceased plaintiff must be made by an attorney for the

2

>Estate of the decedent and must include proof, such as duly issued Letters of Administration, of the representative's ability to proceed as the substituted party.

(Dkt. No. 68.) To date, no motion to substitute decedent's representative has been filed with the Court and the extended time to do so expired on January 8, 2021. *Id*.

Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed for the substitution of parties upon the death of a party. The rule provides that a "motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. Proc. 25(a)(1). If no such motion is filed within 90 days "after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*.

Here, Defendants served Plaintiff with the Suggestion of Death by mail on July 21, 2020, and filed it with the Court. (Dkt. Nos. 59, 61.) The Court then provided several opportunities for substitution of the deceased party to be made in a timely fashion. (Dkt. Nos. 60, 66, 68.) More than 90 days have passed since the suggestion of death notification was filed and served and the extensions provided by the Court have expired. No motion for substitution has been filed. Therefore, the Court recommends this case be dismissed since the Plaintiff is deceased and no motion for substitution of Plaintiff has been made by any party or by the deceased Plaintiff's successor or representative.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that this case be dismissed in its entirety; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on Shakisha Collins-Austin at the address provided in Dkt. No. 65.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 14, 2021
      Syracuse, New York

_____
Therèse Wiley Dancks
United States Magistrate Judge

---

[1]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).