UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**MIYOSHI COLLINS,**

               **Plaintiff,**

v.                                                  6:17-CV-925 (NAM/TWD)

**RESOURCES FOR INDEPENDENT LIVING,**

               **Defendant.**

---

**Appearances:**

Miyoshi Collins,
Plaintiff *pro se*
118 Clinton Place
Utica, New York 13501

Kevin G. Martin, Esq.
Martin Rayhill Law Firm
421 Broad Street
Utica, New York 13501
*Attorneys for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

## ORDER

On August 22, 2017, Plaintiff commenced this employment discrimination action against Defendant Resources for Independent Living. (Dkt. No. 1). Defendant later moved for summary judgment, and that motion is fully briefed and pending. (Dkt. Nos. 53, 57, 58). Then on July 21, 2020, Defendant filed a Notice that Plaintiff had passed away on April 25, 2020, which was confirmed by the decedent's daughter and representative, Shakisha Collins-Austin. (Dkt. Nos. 59, 65).

1

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court issued a Text Order notifying the parties, including the decedent's representative, that a motion for substitution of the deceased party may be made by any party or by the decedent's successor, and if such motion was not made within 90 days after service of the statement noting death, the action by the decedent would be dismissed. (Dkt. Nos. 60–62). No motion to substitute the decedent's representative was filed with the Court, despite two extensions, the last of which expired on January 8, 2021. (Dkt. Nos. 66, 68).

This matter was reviewed by United States Magistrate Judge Therèse Wiley-Dancks, who issued a Report-Recommendation on January 14, 2021 recommending that the case be dismissed in its entirety "since the Plaintiff is deceased and no motion for substitution of Plaintiff has been made by any party or by the deceased Plaintiff's successor or representative" within the allotted time. (Dkt. No. 69). Magistrate Judge Dancks advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the Report-Recommendation, and that the failure to object within fourteen days would preclude appellate review. (*Id.*, pp. 3–4). The Report-Recommendation was duly served on the decedent's representative. (*Id.*).

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 69) is **ADOPTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the Defendant, and on the decedent's representative at the address provided in Dkt. No. 65.

**IT IS SO ORDERED.**

Dated:   February 2, 2021
         Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge